**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MAXIE EDDINS,**

    **Plaintiff,**

v.                                Case No.  8:12-cv-1842-T-30TGW

**SHERIFF DAVID GEE, Sheriff of**
**Hillsborough County, Florida, in his official**
**capacity and ARMANDO R. LONEY, in his**
**official capacity**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. 4) and Plaintiff's Response in opposition (Dkt. 6).  The Court, having reviewed the motion, response, and being otherwise advised of the premises, concludes that the motion should be granted for the reasons stated herein.

## BACKGROUND

This is an action under 42 U.S.C. §1983 and Florida law.  Plaintiff Maxie Eddins alleges that for nearly two decades he served his community by working as a confidential citizen informant for the Hillsborough County Sheriff's Office (HCSO), Tampa Police Department ("TPD"), and other organizations.  Eddins' ability to infiltrate, observe, and clandestinely report on criminal activity in the Hillsborough County, Florida area was

dependent on the nature of his work as a confidential citizen informant being kept confidential and protected by the law enforcement agencies, including HCSO.

During April and May of 2011, Defendant Armamdo R. Loney, who was an officer employed by HCSO, revealed Eddins' status as a confidential citizen informant to several non-law enforcement individuals in the Hillsborough County area. Loney knew that revealing Eddins' status as a confidential informant would cause severe physical injury to Eddins. Shortly after Loney revealed Eddins' status, Eddins was approached by an individual targeted by HCSO in a criminal narcotics investigation, who told Eddins that he knew Eddins worked on behalf of HCSO. Subsequently, Loney again revealed Eddins' confidential informant status to additional individuals in Eddins' community, and told these individuals that Eddins was attempting to procure information leading to their arrests. As a result of Loney's repeated disclosures, Eddins became known in his neighborhood and social circles as a confidential citizen informant.

On or about May 5, 2011, Eddins filed a complaint with HCSO against Loney based on Loney's disclosure of Eddins' confidential informant status. On or about May 9, 2011, Loney was notified of the investigation. On or about May 24, 2011, HCSO's Internal Affairs unit interviewed Loney about Eddins' complaint and Loney denied disclosing Eddins' status. At this time, Loney referred to Eddins as "the midget," "that motherfucker," and "asshole".

On or about June 5, 2011, Eddins exited his residence to smoke a cigarette and was violently attacked. During the attack, gasoline and/or other flammable liquids were poured on Eddins and Eddins lost consciousness. Upon information and belief, the battery was

effected by unknown individuals acting with, or on behalf of, Loney, with the intent to injure and intimidate Eddins and retaliate for Eddins' complaint against Loney. Eddins suffered physical injuries, as well as severe mental and emotional anguish and trauma.

HCSO, including Defendant Sheriff David Gee had an unwritten policy, procedure, or custom, specifically within the counter narcotics units, of willfully refusing or failing to properly train and supervise officers, as well as failure to properly discipline such officers when citizen's rights were violated, allowing officers to escape meaningful discipline and punishment for violating citizen's rights. Loney's supervisors at HCSO, including Gee, knew Loney was dangerously unsupervised and had a propensity to use excessive and illegal force against citizens. In the alternative, Gee was willfully indifferent to Loney's dangerous behavior.

Eddins is unable to work as a confidential citizen informant as a result of Loney's disclosure of his status.

Eddins brought the instant action against Defendants Armamdo R. Loney and David Gee in their official capacities. Specifically, Eddins brings a Florida battery claim against Loney (Count I), a section 1983 claim against Loney due to the excessive force Loney used against Eddins (Count II), a section 1983 claim against Gee for the deprivation of Eddins' Fifth Amendment property interest of being a confidential citizen informant (Count III), and a section 1983 claim against Gee for willful failure to supervise, train, and/or control Loney, which resulted in an unreasonable search and seizure under the Fourth and Fourteenth Amendments (Count IV).

Defendants now move to dismiss the claims under Fed. R. Civ. P. 12(b)(6).

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

**I.     Claims against Officer Loney in His Official Capacity**

As an initial matter, Defendants argue that the claims against Loney in his official capacity must be dismissed because they are duplicative of the claims against Gee in his official capacity. The Court agrees. A claim against a state or municipal officer in his or her official capacity is treated as a claim against the entity itself. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985).

Here, Eddins alleges claims against Loney and Gee in their official capacities, which is duplicative, because he is essentially asserting the same claims against HCSO, which is

unnecessary. Accordingly, Eddins' claims against Loney in his official capacity (Counts I and II) are dismissed. Eddins may amend his complaint to bring claims against Loney in his individual capacity.

**II.     Eddins' Section 1983 Claim against HCSO for Violation of the Fifth Amendment**

In Count III of the complaint, Eddins attempts to allege a claim against Gee, as Sheriff of HCSO, for the deprivation of his liberty or property right of being a confidential informant. Although not a model of clarity, it appears that this claim relates to HCSO's failure to adequately train or supervise Loney, or, HCSO's ratification of Loney's conduct of disclosing Eddins' status, which resulted in Eddins losing the ability to work as a confidential informant.

Defendants move to dismiss this claim because the law does not recognize a protected liberty or property interest in acting as a confidential informant. The Court agrees. As pled, Count III does not state a claim recognized under federal law. Accordingly, Count III is dismissed.

**III.    Eddins' Section 1983 Claim against HCSO for Violation of the Fourth Amendment**

In Count IV of the complaint, Eddins alleges that Gee, as Sheriff of HCSO, had a policy or custom in place which violated Eddins' Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure and excessive force. The unreasonable search and seizure and excessive force relates to Loney's violent attack on Eddins.

Defendants argue, in part, that this claim fails because there is no allegation that Loney was acting within the course and scope of his employment during his battery on Eddins. As such, any failure to train Loney and other officers could not be a moving force behind the battery Loney committed. The Court agrees.

Eddins cannot rely upon a theory of *respondeat superior* to hold HCSO liable for Loney's conduct under section 1983. *See McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Any plaintiff bringing a section 1983 claim against a municipality based on the acts of one of its officers must prove two things. First, plaintiff must sufficiently allege a constitutional violation. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986). Second, the "plaintiff suing a municipality under § 1983 must show that the municipality itself injured the plaintiff by having in place a policy or custom which violated the plaintiff's rights." *Buckner v. Toro,* 116 F.3d 450, 451 (11th Cir. 1997) (citing *Monell v. Dept. of Social Servs. of New York,* 436 U.S. 658 (1978)). Under *Monell,* the municipal "policy" or "custom" must be the moving force behind the constitutional violation and "[o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by the municipality can the failure be properly thought of as an actionable city 'policy.'" *City of Canton, Ohio v. Harris,* 489 U.S. 378, 379 (1989).

Here, there are no allegations that Loney was acting under color of law or in the scope of his employment. Additionally, the complaint does not allege that Loney committed the battery. Eddins alleges that he was attacked by "unknown individuals acting with, or on behalf of, Defendant Loney." Accordingly, the allegations, as pled, do not state a claim

against HCSO and Count IV must be dismissed.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. 4) is GRANTED.

2. Plaintiff's complaint is dismissed without prejudice.

3. Plaintiff may amend his complaint, consistent with the Court's ruling herein, within fourteen (14) days from this Order.

**DONE** and **ORDERED** in Tampa, Florida on September 28, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-1842.mtdismiss4.frm