UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MAXIE EDDINS,**                                CASE NO.:   8:12-cv-01842-JSM-TGW

    **Plaintiff,**

v.

**SHERIFF DAVID GEE,** Sheriff of
Hillsborough County, Florida, in his
Official Capacity,

and **ARMANDO R. LONEY,** in his
individual capacity

    **Defendants.**
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MAXIE EDDINS sues Defendants SHERIFF DAVID B. SHOAR and ARMANDO R. LONEY (hereinafter, collectively, "Defendants"),[1] and alleges the following:

## JURISDICTION

1. This is an action for damages pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988, and Florida state law for the violation of Plaintiff's rights guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as well as a state law claim for battery.

2. Plaintiff MAXIE EDDINS was at all times material hereto a resident of Hillsborough County, Florida.

3. Defendant SHERIFF DAVID GEE was at all times material hereto, and continues to be, Sheriff of Hillsborough County, located within the geographical boundaries of Hillsborough County, Florida, and is believed to reside in Hillsborough County, Florida.

---

[1] "Defendant" plus the name of the individual Defendant will be used to refer individually to specific Defendants where appropriate.

1

4. Defendant ARMANDO R. LONEY was at all times material hereto and continues to be an officer employed by the Hillsborough County Sheriff's Office (hereinafter "HCSO"), located within the geographical boundaries of Hillsborough County, Florida, and is believed to reside in Hillsborough County, Florida.

5. Defendant's acts and/or omissions giving rise to Plaintiff's claims occurred in Hillsborough County, Florida, within the boundaries of the Middle District of Florida, Tampa Division; therefore venue is proper in this District and Division pursuant to 28 U.S.C. §1391(b)(2).

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 as Plaintiff's claims involve a question of Federal Constitutional law, and 28 U.S.C. §1343(a)(3) as Plaintiff's claims are directed toward redressing the deprivation, under color of state law, statute, ordinance, regulation, custom or usage a right, privilege or immunity secured by the Constitution of the United States. Moreover, this Court may properly assert pendent subject matter jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367, as such claim arises out of the same set of operative facts and circumstances as Plaintiff's claims under federal Constitutional law.

**PARTIES**

7. Defendant GEE is sued in his official capacity as Sheriff of Hillsborough County, Florida.

8. Defendant LONEY is sued in his individual capacity.

9. Defendant GEE was, at all times material to this complaint, Sheriff of Hillsborough County, Florida, and therefore had the final authority for policy and training decisions regarding the policies and procedures by which the HCSO was operated, any and all training required of or provided to its employees, and all disciplinary decisions regarding its employees.

10. At the time of the alleged incident, and at all times material hereto, all acts and omissions of the above Defendants alleged herein occurred under color of state law.

11. At all times material hereto, Defendant LONEY was acting in compliance with the policies, customs, practices or usage of the HCSO, and in particular in keeping with a pattern and practice of failing to properly monitor and supervise the use and protection of citizen informants, failing to properly monitor street-level officers' interactions with citizen informants, and failure to ensure proper safeguards and procedures are or were in place to maintain citizen informant safety. Such failures have been tolerated by the HCSO and Defendant GEE, despite repeated instances of informants being threatened and/or physically harmed as a direct result of acts and/or omissions of HCSO officers under Defendant GEE's control.

12. At all times material hereto, Defendant LONEY was working under the supervisory control of Defendant GEE in his capacity as Sheriff of Hillsborough County, Florida.

13. For nearly two (2) decades, Plaintiff served his community by working as a confidential citizen informant on behalf of, *inter alia*, HCSO, Tampa Police Department ("TPD"), the Federal Bureau of Investigation ("FBI"), and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). The information developed by Plaintiff's was critical in securing arrests and convictions of innumerable violent criminals, drug dealers, and other criminal actors. In Plaintiff's capacity as a citizen informant, he is well known to law enforcement in the Hillsborough County, Florida, area, specifically those officers working counter-narcotics details for HCSO.

14. Plaintiff's ability to infiltrate, observe, and clandestinely report on criminal activity in the Hillsborough County, Florida, area, was entirely dependent upon the nature of his work as a confidential citizen informant being kept confidential and protected by the law enforcement agencies such work was performed for, including HCSO.

15. Without such secrecy and protection, Plaintiff is unable to effectively continue his work as a confidential citizen informant, and has been deprived of his only source of income.

16. Pursuant to Section 914.28, Florida Statutes, HCSO is required to adopt and follow procedures intended to ensure the confidentiality, secrecy, and safety of confidential informants.

3

## FACTS

17. During April and May, 2011, Defendant LONEY revealed Plaintiff's status as a confidential citizen informant to several non-law enforcement individuals in the Hillsborough County, Florida, area.

18. At the time Defendant LONEY revealed Plaintiff's status as a confidential citizen informant to the above-mentioned non-law enforcement individuals, Defendant LONEY knew revealing such information could cause death or severe physical injury to Plaintiff, or, in the alternative, was recklessly indifferent to such potential outcomes.

19. Shortly thereafter, Plaintiff was approached by an individual targeted by HCSO in a criminal narcotics investigation, who told Plaintiff he knew Plaintiff worked on behalf of HCSO as a confidential citizen informant.

20. Upon information and belief, after Defendant LONEY initially revealed Plaintiff's status, he again revealed Plaintiff's status as a confidential citizen informant to other individuals in Plaintiff's community, and specifically told such individuals Plaintiff was attempting to procure information leading to such individuals' arrest.

21. As a result of Defendant LONEY's repeated disclosure of Plaintiff's status as a confidential citizen informant, Plaintiff's status became generally known in his neighborhood and social circles.

22. On or about May 5, 2011, Plaintiff filed a complaint with HCSO against Defendant LONEY based on Defendant's disclosure of Plaintiff's status as a confidential citizen informant.

23. On or about May 9, 2011, Defendant LONEY was notified of such investigation.

24. On or about May 24, 2011, Defendant LONEY was interviewed by the HCSO Internal Affairs unit in reference to Plaintiff's above-referenced complaint. Defendant LONEY denied disclosing Plaintiff's status as a confidential citizen informant to anyone, and repeatedly referred to Plaintiff as "the midget," "that motherfucker," and "asshole" during such interview. Plaintiff is, in fact, shorter than the average male.

25. Thereafter, on or about June 5, 2011, Plaintiff exited his residence to smoke a cigarette and was violently attacked. During such attack, gasoline and/or other flammable liquids were poured on Plaintiff, and Plaintiff lost consciousness. Upon information and belief, such battery was effected by as yet unknown individuals acting in concert with, or on behalf of, Defendant LONEY, with the intent to injure and intimidate Plaintiff and retaliate for Plaintiff's complaint against Defendant LONEY, as well as murder Plaintiff by lighting him on fire.

26. In the alternative, on or about June 5, 2011 Defendant LONEY himself, acting under color of law, attacked Defendant, with the assistance of several as-yet unknown individuals, with the intent to cause physical injury or death to Plaintiff.

27. At the time Plaintiff was attacked as described above, Defendant LONEY knew an Internal Affairs Division investigation was ongoing into his unlawful and unprivileged disclosure of Plaintiff's status as a confidential citizen informant.

28. The purpose and intent behind Defendant LONEY's acts and/or direction to effect a physical attack on Plaintiff was to either retaliate against Plaintiff for his complaint against Defendant LONEY, or, in the alternative, to intimidate, harass, and punish Plaintiff for such complaint.

29. During the June 5, 2011, attack, Plaintiff suffered physical injuries, as well as severe mental and emotional anguish and trauma.

30. At the time Defendant LONEY attacked Plaintiff, or directed the as yet unknown individuals to attack Plaintiff, his superiors in HCSO, including but not limited to Defendant GEE, knew an unwritten policy, procedure, or custom existed throughout HCSO, and specifically within the department's counternarcotics units, of willfully refusing or failing to properly train and supervise officers, as well as failure to properly discipline such officers when citizen's rights were violated, allowing officers to escape meaningful discipline and punishment for violating citizen's rights.

31. At the time Defendant LONEY directed the as yet unknown individuals to attack Plaintiff, his superiors in HCSO, including but not limited to Defendant GEE, knew Defendant LONEY was dangerously unsupervised and had a propensity to use excessive and illegal force against citizens, or, in the alternative, were willfully indifferent to the danger Defendant LONEY posed to Plaintiff.

32. After its review and investigation of Plaintiff's complaint against Defendant LONEY, HCSO concluded Defendant LONEY did reveal Plaintiff's status as a confidential citizen informant to non-law enforcement individuals.

33. Moreover, during and after Defendant LONEY's Internal Affairs interview, HCSO, through its supervisors including but not limited to Defendant GEE, knew, or, in the alternative, were willfully and deliberately indifferent to the obvious threat Defendant LONEY posed to Plaintiff.

34. Defendant GEE, through his subordinates at HCSO, willfully and deliberately refused to take the necessary steps to ensure Plaintiff's safety from the threat posed to Plaintiff by Defendant LONEY and other unknown individuals acting on Defendant LONEY's behalf.

35. Defendant GEE, through his subordinates at HCSO, willfully failed or refused to ensure proper discipline procedures were in place to hold officers accountable for violating citizen's rights, allowing the department as a whole to operate under the belief any punishment or discipline meted out by HCSO would be minimal and inconsequential.

36. As a direct and/or proximate result of Defendant's disclosure of Plaintiff's status as a confidential citizen informant, Plaintiff was subjected to the use of excessive force, causing Plaintiff physical injuries and damages.

37. All conditions precedent to the filing of this action, including but not limited to written notice pursuant to Florida Tort Claims Act, §768.28, Fla. Stat., to the Hillsborough County Sheriff's Office and the State of Florida Department of Financial Services, have occurred or been waived.

## COUNT I- BATTERY

38. Plaintiff re-alleges the allegations contained in Paragraphs One (1) through Thirty Seven (37) as if set forth fully herein.

39. On or about June 5, 2011, Defendant LONEY intentionally battered Plaintiff, either by himself or in concert with other as yet unknown individuals.

40. Such battery consisted of repeated unconsented touching with the intent to cause physical harm to Plaintiff, including but not limited to striking and kicking Plaintiff in the head, neck, torso, arms, and legs, and dousing Plaintiff with gasoline or another highly flammable substance in an attempt to light Plaintiff on fire.

41. In the alternative, on or about June 5, 2011, Defendant LONEY, using his authority as an officer with HCSO and under the color of law, caused other as yet unknown individuals to batter Plaintiff. Such battery consisted of repeated unconsented touching with the intent to cause physical harm to Plaintiff, including but not limited to striking and kicking Plaintiff in the head, neck, torso, arms, and legs, and dousing Plaintiff with gasoline or another highly flammable substance in an attempt to light Plaintiff on fire.

42. Defendant LONEY knew such actions violated Plaintiff's well-established constitutional right to be free from force exerted by government agents.

43. Defendant LONEY's acts and/or directions outlined above occurred in the scope of his employment by HCSO, and under the supervision and control of Defendant GEE.

44. As a direct and/or proximate result of Defendant LONEY's battery on Plaintiff, Plaintiff suffered physical injuries, economic damages, mental and emotional anguish, and pain and suffering. Such damages are continuing and ongoing, and Plaintiff will continue to suffer such damages in the future.

**WHEREFORE**, Plaintiff MAXIE EDDINS demands a trial by jury and an award of compensatory damages against Defendant ARMANDO R. LONEY, together with any and all other such relief this Court may deem just and proper.

## COUNT II-DEPRIVATION OF FOURTH AND FOURTEENTH AMENDMENT RIGHTS AS TO DEFENDANT LONEY

45. Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs One (1) through Forty Four (44) as if set forth fully herein.

46. Plaintiff is guaranteed the right to be free from unreasonable searches and seizures pursuant to the Fourth Amendment to the United States Constitution, as applied to the various States pursuant to the Fourteenth Amendment to the United States Constitution.

47. Defendant LONEY used excessive force against Plaintiff when battering, or, in the alternative, causing the battery of, Plaintiff, with the specific intent to cause Plaintiff physical, mental, and emotional harm, thereby constituting an unreasonable seizure of Plaintiff under the Fourth Amendment to the United States Constitution.

48. At the time Defendant LONEY battered, or caused the battery of, Plaintiff, Defendant LONEY knew of Plaintiff's clearly established right to be free from unreasonable searches and seizures pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

49. The actions of Defendant LONEY, listed above, were undertaken with Defendant LONEY's willful, wanton, callous and knowing disregard of the Plaintiff's clearly established constitutional right to be free from the use of excessive force. Defendant LONEY's acts and/or directions outlined above occurred in the scope of his employment by HCSO, and under the supervision and control of Defendant GEE.

50. As a direct and/or proximate result of Defendant LONEY's unlawful use of excessive force, Plaintiff suffered damages, including but not limited to severe pain and suffering, physical injury, permanent scarring, mental anguish, emotional distress, and economic damages. Such damages are permanent and ongoing, and Plaintiff will continue to suffer such damages in the future.

**WHEREFORE**, as to Defendant ARMANDO R. LONEY, Plaintiff demands:

a) An award of actual and compensatory damages pursuant to 42 U.S.C. § 1983, for Defendant LONEY's deprivation of Plaintiff's constitutional right to be free from unreasonable search and seizure and excessive force;

b) An award of attorney's fees and costs pursuant to 42 U.S.C.A. § 1988; and

c) Any and all other such relief this court may deem just and proper.

### COUNT III- WILLFUL AND DELIBERATE FAILURE TO SUPERVISE, TRAIN, AND/OR CONTROL AS TO DEFENDANT SHERIFF DAVID GEE (FOURTH AND FOURTEENTH AMENDMENT DEPRIVATIONS)

51. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs One (1) through Forty Four (44) as if set forth fully herein.

52. Plaintiff is guaranteed the right to be free from unreasonable searches and seizures and excessive force, actionable pursuant to 42 U.S.C. § 1983 as a violation of the Fourth and Fourteenth Amendments to the United States Constitution.

53. Defendant GEE, in his official capacity as Sheriff of Hillsborough County, Florida, and his agents and employees, acting within their authority and under color of law, instituted and/or followed customs, practices, policies, and procedures which were the moving force and proximate cause of the deprivation of Plaintiff's right to be free from unreasonable searches and seizures and excessive force.

54. By failing to discipline his officers for their actions and inactions in violation of the Fourth and Fourteenth Amendments to the United States Constitution, Defendant GEE has ratified his officers' decisions and reasons for such decisions, thereby creating a practice, custom, policy, or procedure of allowing the use of excessive force and violating such individuals' right to be free from unreasonable searches and seizures.

55. Specifically, Defendant GEE's pattern of deliberately and willfully failing or refusing to properly discipline officers who engaged in excessive force against members of the public created a culture where HCSO employees knew or expected no repercussions would occur if they

engaged in such activities. Defendant GEE's decision not to properly discipline such officers constitutes a policy, custom, or practice of the HCSO, as Defendant GEE is the ultimate policy-maker for HCSO.

56. Moreover, Defendant GEE's deliberate, willful and conscious failure or refusal to properly institute policies and procedures pursuant to Section 914.28, Florida Statutes, to ensure Defendant's safety, constitutes a policy, custom, or practice of HCSO, as Defendant GEE is the ultimate policy-maker for HCSO, and such failure refusal was the moving force and direct cause of the violation of Plaintiff's constitutional right to be free from excessive force, as well as the direct cause of Plaintiff's damages outlined above.

57. In the alternative, or in addition, Defendant GEE, his agents and employees, acting within their authority under color of law, deliberately and willfully failed to adequately train and/or supervise and/or control his agents and/or employees regarding lawful use of force, including deadly force, despite a clearly obvious and apparent need for such training based on prior instances of unreasonable and illegal use of excessive force, evidencing a deliberate indifference to the Constitutional rights of Plaintiff. Defendant GEE's deliberate and willful refusal to adequately train, supervise, and/or control his officers constitutes a policy, custom, or practice of the HCSO, as Defendant GEE is the ultimate policy-maker for HCSO.

58. In the alternative, or in addition, Defendant GEE, his agents and employees, acting within their authority under color of State law, deliberately and willfully failed to act to ensure Defendant LONEY would not retaliate against Plaintiff, despite the obvious likelihood of such retaliation after Defendant LONEY's Internal Affairs interview. Defendant GEE, through his agents and/or employees, knew of and ignored Defendant LONEY's violent propensity and clear anger at Plaintiff for initiating a complaint against Defendant LONEY, and failed or refused to take any steps to ensure Plaintiff rights were protected from Defendant LONEY. Defendant GEE's deliberate and willful refusal to ensure adequate safeguards were in place to protect

Plaintiff's rights after making his complaint against Defendant LONEY constitutes a policy, custom, or practice of the HCSO, as Defendant GEE is the ultimate policy-maker for HCSO

59. Defendant GEE's willful, deliberate, and conscious decisions as outlined above were the direct cause of, and the moving force behind, Defendant LONEY's actions resulting in Plaintiff's damages.

60. As a direct and/or proximate result of Defendant GEE's willful, deliberate, and conscious actions and/or inaction, Plaintiff suffered damages, including but not limited to severe pain and suffering, physical injury, permanent scarring, mental anguish, emotional distress, and economic damages.

**WHEREFORE**, as to Defendant GEE, in his official capacity, Plaintiff demands:

a) An award of actual and compensatory damages pursuant to 42 U.S.C. § 1983;

b) An award of attorney's fees and costs pursuant to 42 U.S.C.A. § 1988; and

c) Any and all other such relief this court may deem just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff, MAXIE EDDINS, demands a trial by jury on all issues so triable as a matter of right.

Dated October 5th, 2012.

**THE SCHWARTZ LAW GROUP, P.A**

 /s/ Caleb D. Rowland
Seth Schwartz, Esquire
seth@flattorney.net
Florida Bar. No.: 739421
Caleb D. Rowland, Esquire
caleb@flattorney.net
Florida Bar No.: 49936
10365 Hood Road, Suite 105
Jacksonville, FL 32257
(904) 292-0222
(904) 292-0044 fax
Attorneys for the Plaintiff

11

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** a true and correct copy of Plaintiff's *Amended Complaint and Demand for Jury Trial* was furnished via electronic delivery and United States First Class Mail this 5th day of October, 2012, to: Mr. Zebulon P. Cheshire, Esquire, Attorney for the Defendants, 2008 East 8th Avenue, Post Office Box 3371, Tampa, Florida 33601; zcheshir@hcso.tampa.fl.us.

**THE SCHWARTZ LAW GROUP, P.A**

 **/s/ Caleb D. Rowland**
Caleb D. Rowland, Esquire