UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MAXIE EDDINS,**

    **Plaintiff,**

v.                                                                           Case No.  8:12-cv-1842-T-30TGW

**SHERIFF DAVID GEE, Sheriff of
Hillsborough County, Florida, in his official
capacity, et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 9) and Plaintiff's Response in opposition (Dkt. 10).  The Court, having reviewed the motion, response, and being otherwise advised of the premises, concludes that the motion should be denied.

## BACKGROUND

The facts are taken from Plaintiff's amended complaint (Dkt. 8), which the Court must assume are true at this stage.

This is an action under 42 U.S.C. §1983 and Florida law.  Plaintiff Maxie Eddins alleges that for nearly two decades he served his community by working as a confidential citizen informant for the Hillsborough County Sheriff's Office (HCSO), Tampa Police Department ("TPD"), and other organizations.  Eddins' ability to infiltrate, observe, and

clandestinely report on criminal activity in the Hillsborough County, Florida area was dependent on the nature of his work as a confidential citizen informant being kept confidential and protected by the law enforcement agencies, including HCSO.

During April and May of 2011, Defendant Armando R. Loney, who was an officer employed by HCSO, revealed Eddins' status as a confidential citizen informant to several non-law enforcement individuals in the Hillsborough County area. Loney knew that revealing Eddins' status as a confidential informant would cause severe physical injury to Eddins. Shortly after Loney revealed Eddins' status, Eddins was approached by an individual targeted by HCSO in a criminal narcotics investigation, who told Eddins that he knew Eddins worked on behalf of HCSO. Subsequently, Loney again revealed Eddins' confidential informant status to additional individuals in Eddins' community, and told these individuals that Eddins was attempting to procure information leading to their arrests. As a result of Loney's repeated disclosures, Eddins became known in his neighborhood and social circles as a confidential citizen informant.

On or about May 5, 2011, Eddins filed a complaint with HCSO against Loney based on Loney's disclosure of Eddins' confidential informant status. On or about May 9, 2011, Loney was notified of the investigation. On or about May 24, 2011, HCSO's Internal Affairs unit interviewed Loney about Eddins' complaint and Loney denied disclosing Eddins' status. At this time, Loney repeatedly referred to Eddins as "the midget," "that motherfucker," and "asshole".

On or about June 5, 2011, Eddins exited his residence to smoke a cigarette and was violently attacked. During the attack, gasoline and/or other flammable liquids were poured on Eddins and Eddins lost consciousness. Upon information and belief, the battery was effected by unknown individuals acting with, or on behalf of, Loney, with the intent to injure and intimidate Eddins and retaliate for Eddins' complaint against Loney. Eddins suffered physical injuries, as well as severe mental and emotional anguish and trauma.

In the alternative, Loney, himself, acting under color of law, attacked Eddins with the assistance of several unknown individuals, with the intent to cause physical injury or death to Eddins. At the time of the attack, Loney knew an investigation was ongoing into his unlawful and unprivileged disclosure of Eddins' status as a confidential citizen informant.

HCSO, including Defendant Sheriff David Gee had an unwritten policy, procedure, or custom, specifically within the counter narcotics units, of willfully refusing or failing to properly train and supervise officers, as well as failure to properly discipline such officers when citizen's rights were violated, allowing officers to escape meaningful discipline and punishment for violating citizen's rights. Loney's supervisors at HCSO, including Gee, knew Loney was dangerously unsupervised and had a propensity to use excessive and illegal force against citizens. In the alternative, Gee was willfully indifferent to Loney's dangerous behavior.

After its review and investigation of Eddins' complaint against Loney, HCSO concluded Loney revealed Eddins' status as a confidential informant to non-law enforcement individuals. During this time, HCSO, through its supervisors, including, but not limited to

Gee, knew, or were willfully and deliberately indifferent to the obvious threat Loney posed to Eddins. Gee willfully and deliberately refused to take the necessary steps to ensure Eddins' safety from the threat Loney posed to Eddins. Gee willfully failed or refused to ensure proper discipline procedures were in place to hold officers accountable for violating citizen's rights, allowing the department as a whole to operate under the belief any punishment or discipline "meted out" by HCSO would be minimal and inconsequential.

Eddins is unable to work as a confidential citizen informant as a result of Loney's disclosure of his status.

Eddins amended complaint asserts the following claims: a Florida battery claim against Loney in his individual capacity (Count I); a section 1983 claim against Loney in his individual capacity due to the excessive force Loney used against Eddins (Count II); and a section 1983 claim against Gee for willful failure to supervise, train, and/or control Loney, which resulted in the violation of Eddins' constitutional right to be free of excessive force (Count IV).

Defendants now move to strike and/or dismiss the claims under Fed. R. Civ. P. 12(b)(6).[1]

---

[1] Defendants' motion to strike is entirely baseless and will not be discussed any further. Defendant repeatedly argues that Plaintiff's allegations are "scandalous" accusations of attempted murder against a law enforcement officer and untrue. The Court must assume the truth of the allegations at this stage. And Loney's status as a law enforcement officer does not shield him from liability.

### **MOTION TO DISMISS STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

### **DISCUSSION**

**I.    Eddins' Florida Battery Claim against Officer Loney**

Defendants argue that Eddins' battery claim against Loney should be dismissed because Eddins' allegations that Loney "intentionally battered [him] either by himself or in concert with other as yet unknown individuals" are untrue, baseless, and inflammatory. Defendants also argue that the allegations of attempted murder are "scandalous". These are entirely inappropriate reasons to dismiss a claim at this stage.

"In Florida, the tort of battery 'consists of the infliction of a harmful or offensive contact upon another with the intent to cause such contact or the apprehension that such contact is imminent.'" *Wynn v. City of Lakeland*, 727 F. Supp. 2d 1309, 1315 (M.D. Fla.

2010) (citing *Quilling v. Price,* 894 So. 2d 1061, 1063 (Fla. 5th DCA 2005)).  Eddins' allegations state these elements and include factual details in support of same.  Accordingly, Count I will not be dismissed.

**II.     Eddins' Section 1983 Claim against Officer Loney**

Defendants similarly argue that Eddins' section 1983 claim against Loney should be dismissed because the allegations about Loney are "improper".  Defendants also deny the allegations that Loney committed the battery under the color of law or in the course and scope of his official duties as a member of the HCSO.

Again, the Court must assume the truth of the complaint's allegations at this stage.  Although the Court finds it dubious that Loney would commit the alleged battery under the color of law, the Court cannot speculate about the veracity of the allegations at this stage.  Of course, the Court will not hesitate to award Rule 11 sanctions against any party and counsel who assert facts that are entirely unsupported.  But that issue would be for another day.

Accordingly, Count II is not dismissed.

**III.    Eddins' Section 1983 Claim against HCSO**

In Count III of the complaint, Eddins alleges that Gee, as Sheriff of HCSO, had a policy or custom or culture in place of failing to train and discipline its officers with respect to the use of excessive force and this policy or custom or culture was the moving force of Loney's violent attack on Eddins which violated Eddins' Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure and excessive force.

The Court originally dismissed this claim because Eddins' complaint contained no allegations that Loney was acting within the course and scope of his employment during his alleged battery on Eddins. The Court also noted that the complaint did not allege that Loney committed the alleged battery. The amended complaint has addressed these deficiencies, however. Even so, Eddins cannot rely upon a theory of *respondeat superior* to hold HCSO liable for Loney's conduct under section 1983. *See McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Any plaintiff bringing a section 1983 claim against a municipality based on the acts of one of its officers must prove two things. First, plaintiff must sufficiently allege a constitutional violation. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986). Second, the "plaintiff suing a municipality under § 1983 must show that the municipality itself injured the plaintiff by having in place a policy or custom which violated the plaintiff's rights." *Buckner v. Toro,* 116 F.3d 450, 451 (11th Cir. 1997) (citing *Monell v. Dept. of Social Servs. of New York,* 436 U.S. 658 (1978)). Under *Monell,* the municipal "policy" or "custom" must be the moving force behind the constitutional violation and "[o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by the municipality can the failure be properly thought of as an actionable city 'policy.'" *City of Canton, Ohio v. Harris,* 489 U.S. 378, 379 (1989).

Here, the complaint contains detailed allegations related to HCSO's custom or policy or "culture" of failing to discipline its officers for engaging in excessive force against members of the public. The complaint also alleges that Gee deliberately, willfully, and

consciously failed or refused to properly institute policies and procedures under Fla. Stat. § 914.28[2] to ensure that confidential informants, like Eddins, were protected.

Finally, the complaint alleges that Gee was aware that Loney's retaliation against Eddins was likely, but chose to ignore the situation, and failed to take any steps to ensure that Eddins was protected from Loney. There are also allegations that Gee was willfully and deliberately indifferent to the obvious threat Loney posed to Eddins.

The Court concludes that these allegations are sufficient to state a section 1983 claim against Gee at this stage. Accordingly, Count III will not be dismissed.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 9) is DENIED.

2. Defendants shall file an answer to Plaintiff's Amended Complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on October 25, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-1842.mtdismiss9.wpd

---

[2] Section 914.28 discusses, in part, a law enforcement agency's duty to "[a]dopt policies and procedures that assign the highest priority in operational decisions and actions to the preservation of the safety of confidential informants, law enforcement personnel, target offenders, and the public."